Jason A Rittereiser, OSB No. 211298
Email: jrittereiser@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
621 SW Morrison, Suite 510
Portland, OR 97205
Telephone: (503) 389-1130
Facsimile: (503) 345-3687
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| D'ARTAGNAN DANTES, an individual, <br><br>     Plaintiff, <br><br>  v. <br><br> RFPIO, INC. d/b/a/ RESPONSIVE, a Delaware Business Corporation <br><br>     Defendant. | Case No.: 3:25-cv-877 <br><br> **COMPLAINT** <br><br> **Race Discrimination (Title VII); Retaliation (Title VII); Intentional Discrimination (42 U.S.C. § 1981)** <br><br> **DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1.  Plaintiff D'Artagnan Dantes ("Dantes" or "Plaintiff"), for her Complaint against RFPIO, Inc. ("RFPIO" or "Defendant"), states and alleges the following:

## II.  PARTIES

2.  Plaintiff is an individual residing in Dallas, Texas. She is a former employee of Defendant.

COMPLAINT – 1

3.      Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Oregon. RFPIO can be served through its registered agent, CT Corporation System, at 780 Commercial St. SE, Suite 100, Salem, Oregon 97301.

### III.    JURISDICTION AND VENUE

4.      Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* and 42 U.S.C. § 1981. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5.      This action has been filed within the applicable statutory time periods.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

### IV.    FACTUAL BACKGROUND

7.      At all times relevant to this matter, Dantes was employed as a Customer Success Manager by RFPIO.

8.      On or about October 17, 2022, RFPIO's Head of People Operations, Shipra Kamra, sent an email praising the company's commitment to diversity and inclusion.

9.      Dantes, who was one of the few Black employees in her division, responded to Ms. Kamra's email with concern that the company did not actually promote diversity.

10.     In her email, Dantes cited the fact that the company's Diversity, Equity, and Inclusion Committee had been disbanded, and she requested statistics to prove that the company was committed to diversity and inclusion.

11.      Two other employees, one being Dantes's former supervisor Brian Hartley, responded with support for Dantes's email.

12.     Within a few weeks, both employees who had expressed support for Dantes's position were terminated.

COMPLAINT – 2

HKM EMPLOYMENT ATTORNEYS LLP
621 SW Morrison, Suite 510
Portland, OR 97205
(503) 389-1130

13. In late October or early November 2023, Dantes contacted the EEOC to report concerns regarding discrimination in her employment with RFPIO.

14. On November 2, 2022, Dantes was called to participate in an "investigation" into her complaints with Ms. Kamra, Michael Forney, and Toya Walker.

15. In that meeting, Dantes was questioned about the details of her conversations with Mr. Hartley, another RFPIO employee named James Johnson, and with her Black colleagues. The meeting struck Dantes as a warning that her job was on the line.

16. In late January 2023, Dantes was told she would be placed on a 90-day Performance Improvement Plan, or PIP.

17. The PIP required Dantes to complete 100% of her quarterly targets a month prior to the end of the quarter.

18. During this period, Dantes was micromanaged to a degree that her colleagues were not. For example, on March 24, 2023, Dantes's supervisor, Laura Freeman, became upset with Dantes for not reminding Freeman about a planned absence that had been approved long before that date.

19. Dantes sought counsel, and expressed to her employers through her counsel that she felt the actions of the Company were to "paper the file" ahead of a pre-planned termination.

20. In late May 2023, Dantes participated in her 85-day PIP review. She was told that she had made "significant progress" in some areas but wasn't meeting all the goals of the PIP.

21. On May 25, 2023, Dantes was informed that because she failed to hit her quarterly performance goals a month ahead of schedule, she was terminated.

22. At the time of her termination, Dantes had done nothing to warrant such a decision.

23. Plaintiff has exhausted all administrative prerequisites to filing her claim.

COMPLAINT – 3

## V.    CAUSES OF ACTION

### Count One: Title VII Discrimination (Race)

24.    Plaintiff realleges and incorporates all preceding paragraphs.

25.    Dantes is Black, a member of a protected class.

26.    Dantes was an employee of RFPIO, and RFPIO is an employer, as defined by Title VII.

27.    Dantes was therefore subject to the protections of Title VII.

28.    RFPIO treated Dantes less favorably than similarly situated employees who were not Black in the terms and conditions of her employment.

29.    For example, Dantes was held to a different standard than other workers who were not Black by being placed on a Performance Improvement Plan that required her to meet quotas a month earlier than her non-Black counterparts.

30.    Dantes was questioned about her communications with other Black employees, specifically regarding her complaints about RFPIO's policies.

31.    Dantes was ultimately terminated as a result of that differential treatment.

32.    The actions of RFPIO and its agents constitute discrimination on the basis of her race in violation of Title VII.

33.    As a result of RFPIO's discriminatory actions, Dantes has suffered lost wages and benefits, and garden variety mental and emotional distress, humiliation, intimidation, frustration, stress, and embarrassment, thus entitling her to damages.

34.    RFPIO's discriminatory actions were willful and malicious and done with a conscious disregard for or a reckless indifference to the rights of Dantes and others, such that

COMPLAINT – 4

RFPIO is liable to Dantes for punitive damages in an amount sufficient to punish and to deter RFPIO and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff D'Artagnan Dantes respectfully prays for judgment in her favor on Count I and against Defendant RFPIO, Inc. for a finding that she was subjected to unlawful discrimination because of her race in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorney's fees; and for such other and further relief as the Court deems just and proper under the circumstances.

### Count Two: Title VII Retaliation

35. Plaintiff realleges and incorporates all preceding paragraphs.

36. Dantes, who is Black, is a member of a protected class under Title VII.

37. RFPIO is a covered employer under Title VII.

38. Dantes engaged in protected activity under Title VII when she questioned the company's commitment to diversity and complained about RFPIO's treatment of Black employees.

39. The facts and circumstances of Dantes' placement on a PIP and ultimate termination, including the unrealistic PIP goals, the interrogation of her regarding her contacts with her manager and other Black employees, and her termination shortly and predictably following imposition of the PIP, create an inference that RFPIO's actions towards Plaintiff were taken in retaliation for her protected activity.

40. The adverse employment actions Dantes suffered directly and proximately caused her to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

COMPLAINT – 5

41.    RFPIO, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Dantes's federally protected rights. RFPIO is therefore liable for punitive damages in an amount sufficient to punish RFPIO and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff D'Artagnan Dantes respectfully prays for judgement in her favor on Count II and against Defendant RFPIO, Inc. for a finding that she has been subjected to unlawful retaliation in violation of Title VII; equitable relief; costs expended; reasonable attorney's fees; and for such other and further relief as the Court deems just and proper under the circumstances.

### Count Three: Intentional Discrimination (42 U.S.C. § 1981)

42.    Plaintiff realleges and incorporates all preceding paragraphs.

43.    RFPIO is a covered employer subject to the provisions of 42 U.S.C. § 1981

44.    Plaintiff, a Black woman, is a covered employee entitled to the rights and protections of Section 1981. She is a former employee of Defendant RFPIO.

45.    At the time of her protected report and at the time of her termination, Plaintiff was meeting her employer's legitimate job expectations.

46.    Dantes suffered an adverse employment action when her employment was terminated in May 2023.

47.    The facts and circumstances of Dantes' termination, in which she was placed on an unreasonable and unachievable PIP shortly after she raised complaints about RFPIO's lack of commitment to diversity, and then was terminated supposedly for not meeting her quarterly goals a month in advance, create an inference that Dantes' termination was a result of unlawful, intentional race discrimination.

COMPLAINT – 6

48.    RFPIO's termination of Dantes has caused her to lose wages and benefits, and caused her to suffer garden variety mental and emotional distress, humiliation, frustration, and embarrassment, such that she is entitled to an award of back pay and compensatory damages.

49.    Defendant's discriminatory conduct was willful and deliberate, and done with reckless disregard for the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish RFPIO, and deter Defendant and others from similar conduct in the future.

WHEREFORE, Plaintiff D'Artagnan Dantes respectfully prays for judgement in her favor on Count III and against Defendant RFPIO, Inc. for a finding that she has been subjected to unlawful race discrimination in violation of Section 1981; for back pay and front pay; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorney's fees; and for such other and further relief deemed just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment and decree in her favor and against the Defendants as follows:

1.    Damages for back pay, front pay, and lost benefits in amounts to be proved at trial;

2.    Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation in amounts to be proved at trial;

3.    Punitive damages;

4.    Prejudgment interest in an amount to be proved at trial;

5.    Compensation for any tax penalty associated with recovery;

6.    Prejudgment and post-judgment interest at the rate prescribed by statute;

7.    Reasonable attorneys' fees and costs; and

8.    Such other and further relief as the Court deems just and equitable.

COMPLAINT – 7

HKM EMPLOYMENT ATTORNEYS LLP
621 SW Morrison, Suite 510
Portland, OR 97205
(503) 389-1130

DATED: May 22, 2025.

HKM EMPLOYMENT ATTORNEYS LLP

/s/  Jason A. Rittereiser
        Jason A Rittereiser, OSB No. 211298
        Email: jrittereiser@hkm.com

*Attorney for Plaintiff*

COMPLAINT – 8