IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| D'ARTAGNAN DANTES, | Case No.: 3:25-cv-00877-AN |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| RFPIO, INC. d/b/a Responsive, | |
| Defendant. | |

Plaintiff D'Artagnan Dantes brings this action against defendant RFPIO, Inc., alleging employment discrimination and retaliation under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. Defendant filed a motion to dismiss for improper venue or, in the alternative, to transfer to the Northern District of Texas on July 30, 2025. For the reasons stated herein, defendant's motion is DENIED in part and GRANTED in part. Specifically, defendant's motion to dismiss is DENIED, and defendant's request to transfer venue to the Northern District of Texas is GRANTED.

## LEGAL STANDARDS

### A.      Motion to Dismiss for Improper Venue

It is axiomatic that a plaintiff may only bring suit where venue is proper, and a defendant may move to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The question of whether venue is improper "is generally governed by 28 U.S.C. § 1391." *Id.*; *see also* 28 U.S.C. § 1391(a) ("*Except as otherwise provided by law* . . . this section shall govern the venue of all civil actions brought in district courts of the United States." (emphasis added)). However, where a party sues pursuant to a statute with a more specific venue provision, such as the one contained in Title VII of the Civil Rights Act, that provision, rather than Section 1391, controls. *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587-88 (9th

1

Cir. 1991) (per curiam).  In resolving a motion under Rule 12(b)(3), the court is not required to accept allegations in the complaint as true, and extraneous evidence may be considered, but any factual conflicts must be resolved in favor of the nonmoving party.  *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013) (per curiam).

**B.      Motion to Transfer**

Even when venue is proper in one district, a case may be transferred to another district "[f]or the convenience of parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a).  Once the plaintiff shows that the current venue is not improper, the moving party bears the burden of establishing both (1) that the transferee court is one where the action could have been brought in the first instance, and (2) that convenience and justice require transfer.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").  The first requirement is straightforward: a case could have been brought in any forum with proper venue and personal jurisdiction over the parties.  *Van Dusen v. Barrack*, 376 U.S. 612, 623 (1964) ("There is no valid reason for reading the words 'where it might have been brought' to narrow the range of permissible federal forums beyond those permitted by federal venue statutes.").

As for the second requirement, "the district court has discretion 'to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In the absence of a contract with a forum selection clause, district courts must weigh factors relating to both private and public interests:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  The Court must also give some weight to the plaintiffs' choice of forum.

*Atl. Marine Constr.*, 571 U.S. at 62 n.6 (citations omitted).

## DISCUSSION

**A.      Motion to Dismiss for Improper Venue**

In an action under Title VII, venue is proper in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered, or" (3) "the judicial district in which the [plaintiff] would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Under the first basis, the only one advanced by plaintiff here, "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).[1] It is undisputed that plaintiff lived and worked in Texas at all relevant times. *See* Decl. of Shipra Kamra ("Kamra Decl."), ECF 8, ¶¶ 11-12; Compl., ECF 1, ¶ 2. Therefore, it cannot be said that defendant's allegedly discriminatory decisions were "implemented" or "felt" in Oregon. Instead, the key question here is "where the employment decision [wa]s made." *Passantino*, 212 F.3d at 506.

Plaintiff contends that the employment decisions were made in Oregon, where defendant was headquartered at the time of the relevant events. Pl. Opp'n, ECF 13, 4-5. Defendant argues, for the first time on reply, that the relevant employment decisions were made in Texas. *See* Def. Reply, ECF 15, at 2-3. This argument is not supported by the record.[2] The declaration proffered by defendant attests to the

---

[1] Defendant quotes *Passantino* for the proposition that "'venue should be found where the effect of the unlawful employment practice is felt: where the plaintiff works, and the decision to engage in that practice is implemented[.]'" Def. Mot., ECF 7, at 7 (quoting *Passantino*, 212 F.3d at 505). Defendant's selective quotation of *Passantino* is not well taken. Just one page later, the Ninth Circuit held that "venue is proper *in both the forum where the employment decision is made* and the forum in which that decision is implemented or its effects are felt." *Passantino*, 212 F.3d at 505. The Court assumes that defendant did not intend to mislead the Court by exclusively citing the Ninth Circuit's discussion of whether venue may be found where the plaintiff works and ignoring the express holding of the case that is contrary to defendant's position. Nonetheless, defendant's counsel are reminded of their obligation of candor to the Court and urged to exercise greater care in their discussion of authorities adverse to their client's position. *See* Or. R. of Pro. Conduct 3.3(a)(2).

[2] It also comes too late. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam) ("[A]rguments raised for the first time in a reply brief are waived.").

*current* residences of various people who were involved in the decisions at issue here.  *See* Kamra Decl. ¶¶ 14-20.  It is too big of a leap for the Court to infer from this information where these individuals lived or worked in 2022 and 2023.  *See* Compl. ¶¶ 13-16, 18, 20-21 (alleging a series of employment actions and decisions between October 2022 and May 2023).  The evidence the Court has is that defendant was headquartered in Beaverton, Oregon until almost two years after plaintiff's employment was terminated.  *See* Kamra Decl. ¶¶ 6-8; Decl. of Brad Thoenen ("Thoenen Decl."), ECF 14, ¶ 16.  Further, at least one of the people alleged to have been involved in the discriminatory decisions, plaintiff's supervisor at the time, currently resides in Oregon.  *See* Compl. ¶ 18; Kamra Decl. ¶ 15.  Resolving factual disputes and drawing reasonable inferences in plaintiff's favor, this is sufficient to conclude that the relevant employment decisions were made in Oregon.  Therefore, venue is proper in this District and defendant's motion to dismiss for lack of venue is denied.

**B.**      **Motion to Transfer**

Although venue is proper in this District, defendant may still justify transfer by showing, first, that there is another district where venue is also proper.  Defendant proposes the Northern District of Texas.  Def. Mot. 9.  As discussed above, venue is proper in a Title VII action "in the judicial district in which the employment records relevant to [the allegedly unlawful employment] practice are maintained and administered."  42 U.S.C. § 2000e-5(f)(3).  Defendant has offered evidence, which plaintiff does not dispute, that the relevant employment records are maintained and administered in Dallas, which is in the Northern District of Texas.  *See* Kamra Decl. ¶ 9.  Therefore, this action "might have been brought" in the Northern District of Texas.  28 U.S.C. § 1404(a).

Second, defendant must establish that litigating this case in the Western District of Texas would serve both "the convenience of parties and witnesses" and "the interest[s] of justice."  *Id.*  It is not enough that litigating elsewhere would be slightly more convenient; as previously noted, defendant "must make a strong showing of inconvenience [in this District] to warrant upsetting the plaintiff's choice of forum."  *Decker Coal*, 805 F.2d at 843.  In this case, the relevant factors to weigh against plaintiff's choice of forum are: (1) "relative ease of access to sources of proof;" (2) "availability of compulsory process for attendance

4

of unwilling, and the cost of obtaining attendance of willing, witnesses;" (3) "other practical problems that make trial of a case easy, expeditious and inexpensive;" (4) "the administrative difficulties flowing from court congestion;" and (5) "the local interest in having localized controversies decided at home." *Atl. Marine Constr.*, 571 U.S. at 63 n.6.[3] Each of these factors is either neutral or favors transfer to the Western District of Texas.

With respect to the private-interest factors, the Western District of Texas will provide greater ease of access to sources of proof and is likely to make litigation of the case easier and less expensive. Plaintiff, defendant, and half of the six non-party witnesses identified in the complaint currently reside or are located in Texas. *See* Compl. ¶ 2 (plaintiff resides in Dallas, Texas); *id.* ¶¶ 8, 11, 14-15, 18 (identifying Shipra Kamra, Brian Hartley, Michael Forney, Toya Walker, James Johnson, and Laura Freemen as individuals involved in the allegedly discriminatory conduct); Kamra Decl. ¶¶ 17-19 (identifying Kamra, Forney, and Walker as residing in Texas). There are just two potential non-party witnesses in Oregon—and one or two witnesses in other states. Kamra Decl. ¶¶ 14-16, 20. This makes Texas a substantially more convenient forum than any other single forum, and trial of a case in a venue where all parties are located is likely to be easier and less costly. The "compulsory process" factor is neutral because federal courts have substantially the same power to compel witnesses and neither party identified any witnesses who are unwilling to testify. *See BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 711 (N.D. Tex. 2009) (finding the factor is neutral where parties do not identify any unwilling witnesses).

Public-interest factors also favor transfer. Administrative difficulties are assessed by considering "whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). As of December 2025, the median time for a civil case to proceed from filing to trial was 34.6 months in the District of Oregon and 24.4 months in the Northern

---

[3] Other important, often-cited factors, such as a contractual forum selection clause, the ability to view premises, and the interest of having a diversity case heard in a forum that is familiar with state law, *see Atl. Marine Constr.*, 571 U.S. at 63 n.6, are not relevant here because the parties have not identified a forum selection clause or the need to view the premises, and this Court's jurisdiction rests on a federal cause of action rather than diversity.

District of Texas.   *See* U.S. Courts, *Federal Court Management Statistics*, (Dec. 2025), https://www.uscourts.gov/data-news/data-tables/2025/12/31/federal-court-management-statistics/n-a-1 (last accessed Mar. 16, 2026).  This Court has previously observed that a difference of 7.5 months is neutral and a difference of 8.9 months weighs "only slightly in favor of denying a motion to transfer venue."  *See United States ex rel Hamer Elec., Inc. v. Wu & Assocs.*, No. 3:23-cv-01515-AN, 2024 WL 3102817, at *3 (D. Or. June 21, 2024) (cleaned up).  A difference of more than ten months tips further: it indicates that the parties can expect resolution of their dispute almost a year sooner if the case is tried in the Northern District of Texas, which weighs in favor of transfer.  Both parties contend that the "local interest" factor favors their position.  *See* Def. Mot. 11; Pl. Opp'n 7, 9.  However, a dispute primarily arising under federal law between a Texas employee and an Oregon employer is not a "localized controversy," *Atl. Marine Constr.*, 571 U.S. at 63, so this factor is neutral.

Both private- and public-interest factors favor transfer with sufficient weight to overcome the relatively moderate deference owed to a plaintiff's choice to litigate outside of their home venue.  *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("A foreign plaintiff's choice is entitled to less deference, but 'less deference is not the same thing as no deference.'" (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000))).

## CONCLUSION

For the reasons stated herein, defendant's motion, ECF 7, is DENIED in part and GRANTED in part.  Defendant's request to dismiss for improper venue is DENIED.  Defendant's request to transfer venue to the Northern District of Texas is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of March, 2026.

_____
Adrienne Nelson
United States District Judge

6